**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Ildefonso Rivera,
**Plaintiff,**

**CASE NO.:**

v.

THE NEXT CHAPTER NY LLC d/b/a TREEHOUSE CANNABIS, SETH MARKS, individually, and JOHN DOE,
**Defendants,**

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff, Ildefonso Rivera, by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure and all other applicable rules, statutes, regulations and governing legal authorities, brings this action against THE NEXT CHAPTER NY LLC d/b/a TREEHOUSE CANNABIS, SETH MARKS, individually, and JOHN DOE (collectively, "Defendants"), for declaratory and injunctive relief, reasonable attorneys' fees, costs and litigation expenses pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. (the "ADA"), and its implementing regulations, 28 C.F.R. Part 36, including the applicable ADA Standards for Accessible Design, and for injunctive relief and damages pursuant to the New York State Human Rights Law, N.Y. Exec. Law § 290 et seq. ("NYSHRL"), and alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for declaratory and injunctive relief arising under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq., together with related claims arising under the New York State Human Rights Law ("NYSHRL"), N.Y. Executive Law § 290 et seq. This Court has original federal-question jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's related state-law

claims pursuant to 28 U.S.C. § 1367 because those claims arise from the same case or controversy and common nucleus of operative facts as Plaintiff's federal claims.

2. This Court is further authorized to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, with respect to the rights and legal relations of the parties arising from the violations alleged herein.

3. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District and because the real property that is the subject of this action is located at 28 NY-59, Village of Nyack, Rockland County, New York.

4. Plaintiff has not filed a complaint concerning the discriminatory practices alleged in this action with the New York State Division of Human Rights or any local commission on human rights and therefore has not elected an administrative remedy that would preclude commencement of his NYSHRL claim in this Court pursuant to N.Y. Executive Law § 297(9). Plaintiff seeks relief under the NYSHRL together with his federal ADA claims arising from the same acts, conditions and occurrences.

**THE PARTIES**

5. At all times material hereto, Plaintiff, Ildefonso Rivera, was and is over the age of eighteen (18), sui juris, and a resident of the Village of Nyack, County of Rockland, State of New York.

6. At all times material hereto, Plaintiff has had a physical impairment that substantially limits one or more major life activities, including walking and mobility. Plaintiff suffers from a post-knee-replacement condition and uses a mobility device for ambulation. Plaintiff is therefore an individual with a disability within the meaning of Title III of the ADA and is a person with a disability within the meaning of the laws of the State of New York, including the NYSHRL.

7. Upon information and belief, Defendant THE NEXT CHAPTER NY LLC is a domestic

limited liability company organized and existing under the laws of the State of New York, with its county identified as Rockland County, and is authorized to conduct and is conducting business within the State of New York. THE NEXT CHAPTER NY LLC conducts business under the assumed name "TREEHOUSE CANNABIS," including at the retail establishment located at 28 NY-59, Nyack, New York 10960. THE NEXT CHAPTER NY LLC d/b/a TREEHOUSE CANNABIS is hereinafter referred to as "TREEHOUSE."

8. Upon information and belief, Defendant Seth Marks, individually and/or in his capacity as an owner, member, principal, manager, agent and/or operator of THE NEXT CHAPTER NY LLC d/b/a TREEHOUSE CANNABIS, owns, leases, operates, maintains and/or controls the retail establishment and/or the real property and improvements located at 28 NY-59, Nyack, New York 10960 (the "Subject Property"), including the premises at which TREEHOUSE CANNABIS conducts its retail business. Upon information and belief, Seth Marks exercises ownership, possession, operation, maintenance and/or control over the Subject Property and/or retail establishment, including the entrance, accessible routes, and other portions of the premises giving rise to the accessibility violations alleged herein.

9. Upon information and belief, Defendant JOHN DOE, whose identity and precise ownership, leasing, operation, maintenance and/or control interest are presently unknown to Plaintiff, is an additional person and/or entity who owns, leases, operates, maintains and/or controls the Subject Property and/or some portion thereof, including the premises at which TREEHOUSE CANNABIS conducts its retail business, the entrance, accessible routes, and/or other portions of the Subject Property giving rise to the accessibility violations alleged herein.

10. Upon information and belief, Defendants Seth Marks and/or JOHN DOE, individually and/or through their respective ownership, leasing, operation, management, agency, maintenance and/or control interests, exercise responsibility for all or portions of the Subject Property relevant to the accessibility conditions alleged herein, including the entrance, accessible routes, and other portions of the premises containing or affected by the architectural barriers alleged herein.

11. TREEHOUSE CANNABIS is a place of "public accommodation" within the meaning of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181(7), in that it is a retail establishment that provides goods and services to members of the general public. Upon information and belief, TREEHOUSE CANNABIS is operated at the Subject Property by THE NEXT CHAPTER NY LLC d/b/a TREEHOUSE CANNABIS and is subject to the accessibility requirements of Title III of the ADA to the extent provided by law.

12. Plaintiff is informed that Defendant Seth Marks has represented that he obtained or was granted a waiver, variance, approval and/or other authorization from the Village of Nyack relating to accessibility requirements applicable to the Subject Property. Plaintiff has not presently been provided with documentation establishing the nature, scope, terms or legal effect of any such waiver, variance, approval or authorization. To the extent such local authorization exists, Plaintiff alleges that it does not independently relieve Defendants of their obligations under Title III of the ADA or otherwise authorize conduct prohibited by federal law.

13. Prior to the commencement of this action, Plaintiff personally visited the Subject Property, located at 28 NY-59, Nyack, New York 10960, with the intention of shopping at and patronizing TREEHOUSE CANNABIS. However, Plaintiff was denied full and equal access

to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations offered to the public at the Subject Property because architectural barriers at the Subject Property restricted and limited Plaintiff's access due to his disability. As a result, Plaintiff suffered an injury in fact. Plaintiff continues to desire and intends to return to the Subject Property to shop at and patronize TREEHOUSE CANNABIS; however, Plaintiff is presently deterred from doing so and continues to suffer injury because the architectural barriers described herein remain at the Subject Property and continue to deny and/or limit Plaintiff's full and equal access, all in violation of the ADA and NYSHRL.

14. All events and occurrences giving rise to the instant action occurred in the Village of Nyack, County of Rockland, State of New York. The Subject Property at issue in this action is located at 28 NY-59, Nyack, New York 10960, in the County of Rockland. Accordingly, venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b).

**COUNT I**
**<u>VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT</u>**

15. Plaintiff re-avers and re-alleges the allegations set forth above as though fully set forth herein.

16. On July 26, 1990, Congress enacted the Americans with Disabilities Act (“ADA”), 42 U.S.C. § 12101 et seq., establishing a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities.[1]

17. In enacting the ADA, as subsequently amended, Congress recognized that individuals with disabilities have historically been subjected to discrimination and continue to encounter discrimination in critical areas, including public accommodations, and through the discriminatory effects of architectural barriers and failures to make modifications to existing

[1] 42 U.S.C. § 12101(b)(1).

facilities and practices.[2]

18. Title III of the ADA prohibits discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation by any person who owns, leases (or leases to), or operates such place. 42 U.S.C. § 12182(a).

19. Upon information and belief, Defendant THE NEXT CHAPTER NY LLC d/b/a TREEHOUSE CANNABIS owns, leases and/or operates the retail establishment located at 28 NY-59, Nyack, New York 10960 (the "Subject Property"), and is subject to the requirements of Title III of the ADA to the extent provided by law.

20. TREEHOUSE CANNABIS is a place of public accommodation within the meaning of Title III of the ADA because it is a sales or other retail establishment whose operations affect commerce. 42 U.S.C. § 12181(7)(E).

21. The Attorney General has promulgated regulations implementing Title III of the ADA pursuant to 42 U.S.C. § 12186(b). Those regulations are codified at 28 C.F.R. Part 36 and incorporate the applicable Standards for Accessible Design governing facilities subject to Title III.[3]

22. Title III defines discrimination to include the failure to remove architectural barriers in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).

23. Upon information and belief, Defendants own, lease, operate, maintain and/or control the Subject Property, including the entrance, accessible route and other portions of the premises containing or affected by the architectural barriers alleged herein, to the extent such ownership, leasing, operation and/or control subjects them to liability under Title III of the ADA.

---

[2] 42 U.S.C. § 12101(a)(2), (3), (5).

[3] *See 42 U.S.C. § 12186(b); 28 C.F.R. Part 36, including 28 C.F.R. §§ 36.304, 36.406 and the applicable Standards for Accessible Design.*

24. Prior to commencement of this action, Plaintiff personally visited the Subject Property with the intention of shopping at and patronizing TREEHOUSE CANNABIS. Plaintiff uses a mobility device for ambulation. Because of architectural barriers at the Subject Property, Plaintiff was unable to obtain full and equal access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and accommodations offered at the Subject Property.

25. The architectural barriers encountered by Plaintiff and/or alleged to exist at the Subject Property include, but are not limited to:

    a. an inaccessible entrance to the TREEHOUSE CANNABIS retail establishment;

    b. the absence of an accessible route permitting Plaintiff to approach and enter the retail establishment using his mobility device;

    c. a step and/or change in level at the entrance that obstructs Plaintiff's accessible route into the retail establishment; and

26. The foregoing architectural barriers deny and/or limit Plaintiff's ability to independently and equally access the Subject Property and the goods, services, facilities, privileges, advantages and accommodations offered therein.

27. The ADA defines "readily achievable" as "easily accomplishable and able to be carried out without much difficulty or expense," taking into consideration, among other things, the nature and cost of the action needed, the financial resources of the facility and covered entity, and the nature and size of the covered entity's operations. 42 U.S.C. § 12181(9).

28. Upon information and belief, removal of the architectural barriers identified herein is readily achievable within the meaning of 42 U.S.C. §§ 12181(9) and 12182(b)(2)(A)(iv). The barriers concern access to the entrance and accessible route to the retail establishment, and Plaintiff

alleges that measures sufficient to remove or remediate such barriers can be accomplished without much difficulty or expense, subject to proof concerning the nature and cost of the necessary measures and the other statutory factors bearing upon whether removal is readily achievable.[4]

29. Plaintiff was familiar with the Subject Property before TREEHOUSE CANNABIS occupied it, when the property operated as a car dealership and auto shop. Plaintiff has observed an automotive lift at the Subject Property that is used for vehicles. Plaintiff raised concerns regarding the accessibility barrier at the entrance with Defendant Seth Marks and inquired whether the automotive lift could be used or adapted to provide access for persons with disabilities. Plaintiff was informed that the lift was intended strictly for vehicles and was not suitable for that purpose. Plaintiff also discussed with Defendant Seth Marks whether the existing staircase area might be modified to accommodate an ADA-compliant accessibility solution.

30. Upon information and belief, the Subject Property underwent substantial physical modifications, renovations and/or alterations in connection with its conversion from an automobile dealership and repair facility to the TREEHOUSE CANNABIS retail establishment. Plaintiff alleges that such work affected or was capable of affecting the usability of the facility and/or portions thereof. To the extent such work constitutes alterations within the meaning of Title III of the ADA, Defendants were required to make the altered portions readily accessible to and usable by individuals with disabilities to the maximum extent feasible, as required by 42 U.S.C. § 12183(a)(2) and 28 C.F.R. §§ 36.402–36.403, to the extent applicable.

[4] 28 C.F.R. § 36.304.

31. Plaintiff desires and intends to return to the Subject Property to shop at and patronize TREEHOUSE CANNABIS. The architectural barriers alleged herein presently deter Plaintiff from returning and continue to interfere with Plaintiff's ability to obtain full and equal access to the Subject Property.

32. Unless the architectural barriers alleged herein are removed or otherwise remedied as required by law, Plaintiff will continue to be denied and/or limited in his full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations offered at the Subject Property.

33. By reason of the foregoing, Defendants have discriminated against, and continue to discriminate against, Plaintiff on the basis of disability in violation of Title III of the ADA, including 42 U.S.C. § 12182.

34. Pursuant to 42 U.S.C. § 12188(a), Plaintiff seeks appropriate injunctive relief requiring Defendants to remove the architectural barriers alleged herein and to make the Subject Property readily accessible to and usable by individuals with disabilities to the extent required by Title III of the ADA.

35. Plaintiff further seeks reasonable attorneys' fees, litigation expenses and costs as authorized by 42 U.S.C. § 12205.

## COUNT II
## VIOLATIONS OF THE NYSHRL

36. Plaintiff re-avers and re-alleges the allegations set forth above as though fully set forth herein.

37. The New York State Human Rights Law ("NYSHRL") makes it an unlawful discriminatory practice for an owner, lessee, proprietor, manager, superintendent, agent or employee of a place of public accommodation, because of a person's disability, directly or indirectly to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or

privileges thereof. N.Y. Exec. Law § 296(2)(a).

38. The NYSHRL further provides that disability discrimination in a place of public accommodation includes the refusal to remove architectural barriers in existing facilities where such removal is readily achievable. N.Y. Exec. Law § 296(2)(c)(iii).

39. TREEHOUSE CANNABIS is a place of public accommodation within the meaning of the NYSHRL and provides goods, services, facilities, privileges and advantages to members of the general public at the Subject Property located at 28 NY-59, Nyack, New York 10960.

40. Upon information and belief, Defendant Seth Marks, individually and/or in his capacity as an owner, proprietor, manager, agent and/or other person responsible for the operation and control of TREEHOUSE CANNABIS, is subject to the provisions of N.Y. Executive Law § 296(2)(a) to the extent provided by law.

41. Plaintiff is a person with a disability within the meaning of the NYSHRL and personally visited the Subject Property intending to shop at and patronize TREEHOUSE CANNABIS.

42. During Plaintiff's visit to the Subject Property, Plaintiff encountered the architectural barriers described herein, including an inaccessible entrance, the absence of an accessible route permitting Plaintiff to approach and enter the retail establishment using his mobility device, and a step and/or change in level at the entrance obstructing such access.

43. Plaintiff raised his concerns regarding the inaccessible entrance directly with Defendant Seth Marks, whom Plaintiff understood to be the owner of TREEHOUSE CANNABIS. Plaintiff discussed possible accessibility solutions, including whether the existing staircase area might be modified to accommodate an accessible means of entry. Despite these discussions, the entrance conditions described herein continue to interfere with Plaintiff's ability to safely and independently access the establishment using his mobility device..

44. Upon information and belief, removal and/or remediation of the architectural barriers identified herein is readily achievable within the meaning of the NYSHRL. N.Y. Exec. Law § 296(2)(c)(iii), (d)(i).

45. By maintaining the architectural barriers alleged herein and failing to remove and/or remediate such barriers to the extent required by law, Defendants have directly or indirectly refused, withheld and/or denied to Plaintiff, because of his disability, the accommodations, advantages, facilities and privileges of TREEHOUSE CANNABIS, in violation of N.Y. Executive Law § 296(2).

46. As a direct result of Defendants' unlawful discriminatory practices, Plaintiff has suffered and continues to suffer injury from the denial and/or limitation of his full and equal access to the Subject Property and the accommodations, advantages, facilities and privileges offered therein.

47. Plaintiff desires and intends to return to the Subject Property to patronize TREEHOUSE CANNABIS, but the architectural barriers alleged herein presently deter Plaintiff from returning and continue to interfere with his ability to obtain full and equal access.

48. Pursuant to N.Y. Executive Law § 297(9), Plaintiff seeks damages and such other legal and equitable relief as may be appropriate and available under the NYSHRL.

## ATTORNEYS' FEES AND COSTS

49. Plaintiff has retained undersigned counsel for purposes of filing and prosecuting this action. Pursuant to 42 U.S.C. § 12205, Plaintiff seeks an award of reasonable attorneys' fees, litigation expenses and costs incurred in connection with this action.

50. Plaintiff further seeks an award of reasonable attorneys' fees, costs and disbursements pursuant to the New York State Human Rights Law, including N.Y. Executive Law § 297(10), and other applicable law.

## DAMAGES

51. As a direct and proximate result of Defendants' violations of the New York State Human Rights Law, Plaintiff has suffered damages and demands One Thousand Dollars ($1,000.00) in compensatory damages pursuant to N.Y. Executive Law § 297(9).

52. Plaintiff further seeks all other damages and monetary relief available to him under the New York State Human Rights Law and other applicable law.

## INJUNCTIVE RELIEF

53. Plaintiff alleges that Defendants have failed and continue to fail to provide Plaintiff full and equal access to the goods, services, facilities, privileges, advantages and accommodations offered at TREEHOUSE CANNABIS because of the architectural barriers and discriminatory conditions alleged herein.

54. Plaintiff desires and intends to return to the Subject Property to patronize TREEHOUSE CANNABIS. Unless and until the architectural barriers and discriminatory conditions alleged herein are remedied, Plaintiff will continue to be deterred from returning to and/or denied full and equal access to the Subject Property.

55. Pursuant to 42 U.S.C. § 12188(a), Plaintiff seeks permanent injunctive relief requiring Defendants to remove and remediate the architectural barriers alleged herein and to alter and modify the Subject Property so that it is readily accessible to and usable by individuals with disabilities, including Plaintiff, to the extent required by Title III of the ADA, its implementing regulations, and the applicable Standards for Accessible Design.

56. Plaintiff further seeks permanent injunctive relief requiring Defendants, to the extent necessary to remedy the discrimination alleged herein and prevent its recurrence, to modify, discontinue and/or remediate discriminatory policies, practices, procedures, business practices and

operations that deny or limit individuals with disabilities, including Plaintiff, full and equal access to the goods, services, facilities, privileges, advantages and accommodations offered at TREEHOUSE CANNABIS.

57. Plaintiff further seeks appropriate equitable relief under the New York State Human Rights Law requiring Defendants to cease the discriminatory practices alleged herein and to provide Plaintiff full and equal access to the accommodations, advantages, facilities and privileges of TREEHOUSE CANNABIS.

58. Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, Plaintiff further seeks a declaration of the rights and legal relations of the parties with respect to the violations alleged herein, including a declaration that the architectural barriers, acts, omissions, policies and practices established in this action violate Plaintiff's rights under Title III of the ADA and the New York State Human Rights Law.

59. Plaintiff further seeks such additional equitable relief as the Court determines necessary and appropriate to secure compliance with the ADA and the NYSHRL, including, if warranted by the evidence and determined appropriate by the Court, temporary closure of the Subject Property to the general public until the accessibility violations established in this action have been remediated as required by law.

WHEREFORE, Plaintiff respectfully demands judgment in his favor and against Defendants, jointly and severally to the extent permitted by applicable law, and requests that this Court grant the following relief:

a. Pursuant to 28 U.S.C. §§ 2201 and 2202, a declaration that the architectural barriers, acts, omissions, policies and practices established in this action violate Plaintiff's rights under Title III of the Americans with Disabilities Act and/or the New York State Human Rights Law;

b. A permanent injunction requiring Defendants to remove and remediate the architectural barriers established in this action and to alter and modify the Subject Property so that it is readily accessible to and usable by individuals with disabilities, including Plaintiff, to the extent required by Title III of the ADA, its implementing regulations, the applicable Standards for Accessible Design, and the NYSHRL;

c. An Order requiring Defendants to evaluate and modify their policies, practices, procedures, business practices and operations to the extent necessary to eliminate the discriminatory conditions established in this action and to prevent the recurrence of discrimination against Plaintiff and other individuals with disabilities;

d. An Order requiring Defendants to undertake and complete such corrective remodeling, reconstruction, alteration, barrier removal and other remedial measures as are necessary to eliminate the accessibility violations established in this action and to bring the portions of the Subject Property at issue into compliance with the requirements of the ADA, its implementing regulations and applicable Standards for Accessible Design, and the NYSHRL;

e. To the extent Plaintiff establishes that removal of architectural barriers in existing portions of the Subject Property is readily achievable, an Order requiring Defendants to remove such barriers as required by 42 U.S.C. § 12182(b)(2)(A)(iv);

f. To the extent Plaintiff establishes that construction, renovation and/or alteration of the Subject Property is subject to 42 U.S.C. § 12183, an Order requiring Defendants to make the altered portions of the Subject Property readily accessible to and usable by individuals with disabilities to the maximum extent feasible and otherwise to remediate such portions to the extent required by Title III of the ADA and applicable law;

g. An Order requiring Defendants to provide Plaintiff full and equal access to the goods, services, facilities, privileges, advantages and accommodations offered at TREEHOUSE CANNABIS to the extent required by applicable law;

h. If warranted by the evidence and determined appropriate by the Court, an Order requiring that TREEHOUSE CANNABIS and the Subject Property be closed to the general public, and that Defendants cease business operations at the Subject Property, until such time as the accessibility violations established in this action have been remediated to the extent required by the ADA and the NYSHRL;

i. An award to Plaintiff of One Thousand Dollars ($1,000.00) in compensatory damages pursuant to N.Y. Executive Law § 297(9);

j. An award of all other damages and monetary relief available to Plaintiff under the New York State Human Rights Law and applicable law;

k. An award of reasonable attorneys' fees, litigation expenses, costs and disbursements pursuant to 42 U.S.C. § 12205, N.Y. Executive Law § 297(10), and other applicable law; and

l. Such other and further legal and equitable relief as this Court deems just, necessary and proper.

Dated: November 4, 2026
New York, New York

Respectfully Submitted,

**Lawrence A. Omansky, Esq.**
Attorneys for Plaintiff
305 Broadway, 7th Fl.
New York, NY 10007
Tel: (917) 282-2259
lomanskylaw@gmail.com